CARROLL, DONALD K.,
Acting Chief Judge.
The defendant in an action on an automobile liability insurance policy has appealed from a final judgment entered by the Circuit Court for Duval County, based upon a jury verdict, and from an order entered earlier in the cause, striking one of the defendant’s defenses.
The two questions presented for our determination in this appeal are whether the trial court erred in striking the defendant’s lack-of-permission defense, discussed below, and whether the court erred in denying the defendant’s motion for leave to file an amended answer, including an amended lack-of-permission defense.
The plaintiff, Seldon P. Gammons, filed this action on an automobile liability insurance policy which the defendant had issued to Bobby R. Caudill covering a 1958 Triumph motorcycle for the period from June 13, 1963, through June 13, 1969. In his complaint the plaintiff alleges that he was injured while riding the said motorcycle in a collision with an uninsured motorist on or about December 14, 1963, and that as a result of the said policy and Section 627.0851, Florida Statutes, F.S.A., he, the plaintiff, was entitled to uninsured motorist coverage.
A copy of the policy sued upon is attached as an exhibit to the plaintiff’s complaint and by reference made a part thereof. A provision of that policy defines the unqualified word “insured,” with respect to the insurance for bodily injury liability and for property damage liability, as including the named insured and his spouse, if a resident of the same household, and also including :
“ * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.” (Emphasis supplied.)
The plaintiff was neither the named insured under the policy he sued upon, nor, of course, the spouse of the named insured, and so an essential element of his cause of action against the defendant under the policy was his having had the permission of the named insured or his spouse to use the insured motorcycle at the time of the collision in question. Without such permission he had no cause of action on the policy against the defendant and so the defendant’s defense in its answer to the complaint that the plaintiff did not have the permission of the named insured or his spouse to use the insured motorcycle at the time of the collision in question, was a good defense to this action.
The trial court, therefore, committed reversible error in entering the order appealed from herein, striking the defendant’s defense that the plaintiff did not have the permission of the named insured, Caudill, or his spouse, to use the insured motor *129 cycle at the time of the said collision. The fact of such permission in this ex contractu action is a sina qua non of the defendant’s liability to the plaintiff under the express terms of the contract of insurance, so the lack of that permission was a good and vital defense to this action. Even if the allegations in the defendant’s said defense had been insufficient, which they were not, we think the court should have granted the defendant’s motion for leave to file an amended defense, in keeping with the letter and spirit of Rule 1.190(a), 30 F.S.A., that leave to amend a party’s pleading “ * * * shall be given freely when justice so requires.” We think that justice so required in the case at bar.
Since the defendant was required to go to trial without its vital defense of lack of permission as aforesaid, the final judgment, based upon the jury verdict, cannot stand.
The plaintiff argues in effect that, even if the trial court erred in striking the defendant’s lack of consent defense, the error was harmless. To support this position the plaintiff points to portions of the testimony adduced at the trial which tend to establish that the insured had given the plaintiff permission to use the insured vehicle prior to its operation which resulted in a collision with the uninsured motorist. The plaintiff, therefore, contends that the issue of consent, or lack thereof, was tried with the express or implied consent of the parties as permitted by Rule 1.190(b), Florida Rules of Procedure, so the striking of the defendant’s lack of consent defense was harmless. Such position, in our opinion, cannot be supported. When the court struck the defense in question, there was no longer any issue relating to the lack of consent for use of the vehicle to be tried by the jury. Any testimony touching upon the consent of the insured for the plaintiff to use his vehicle that might have crept into the evidence as part of the proof of other issues was irrelevant and immaterial. Such testimony cannot be said to have created an issue which was tried with the express or implied consent of the parties within the contemplation of the rule on which the plaintiff relies.
For the foregoing reasons, the final judgment and order appealed from herein must be, and they are, reversed, and the cause is remanded with directions for a new trial on the sole issue of whether the actual use of the said motorcycle by the plaintiff at the time of the said collision was with the permission of the named insured or his spouse. If, after hearing the evidence adduced by the parties on the said issue under special instructions from the trial court, if the jury shall find from such evidence that the said permission existed, the original verdict and judgment shall be reinstated; but, if the jury should find therefrom that no such permission existed, the original verdict and judgment shall fall and be held for naught.
Reversed and remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.